**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| ERIC C. BECKETT, FOR THE BENEFIT OF CONTINENTAL WESTERN INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 03-4011-MLB |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |
| ERIC C. BECKETT, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 03-1260-MLB |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Beckett's (by McKinney) motion for clarification/modification and/or leave to file dispositive motion (Doc. 142);

2. Government's response (Doc. 143); and

3. Beckett's (by McKinney) reply (Doc. 167).

Beckett (by Powell) has informed the clerk that he does not intend to file a response.

In its November 16 Memorandum and Order (Doc. 136), the court ruled that Marc Powell, who represents Beckett on the government's counterclaim, could adopt positions raised by Don McKinney in a motion to dismiss the government's counterclaim but precluded McKinney, who previously had eschewed any interest in defending

against the counterclaim, from filing further pleadings with respect to the matters raised in the motion to dismiss. The government and Powell have addressed the adopted positions and the court has ruled on the counterclaim issues in a separate Memorandum and Order (Doc. 174).

Also in its November 16 Memorandum and Order, the court restricted McKinney's future participation to presentation of Beckett's claim against the United States and restricted the defense of the government's counterclaim to Powell. In his motion, McKinney seeks clarification of the court's restriction. McKinney claims that he should be entitled to defend against the government's claims of comparative fault against Beckett and seeks leave to file a dispositive motion on issues of comparative fault. McKinney asserts that "Powell has no ethical obligation to take on the claims of comparative fault against Eric Beckett. He has made no effort to do so, and is not being paid to do so." (Doc. 142 at 2).

McKinney apparently has not read Powell's answer to the counterclaim (Doc. 76) which states: "Mr. Forcum's death was a direct result of his own negligence since his vehicle crossed the center line and went into the north bound lane resulting in this collision." This certainly sounds like a comparative fault defense.[1] The court cannot help but wonder what McKinney perceives

---

[1] To the extent McKinney is concerned with his ability to argue that the government should be estopped from asserting comparative fault as a defense to Beckett's claims, the court's decision regarding use of nonmutual collateral estoppel against the government forecloses that argument. (Doc. 174).

Powell's role to be if it is not to "take on" the government's claims of comparative fault against Beckett.

A pretrial order has not been entered in this case. In fairness to McKinney, if Powell takes the position in the pretrial order that he will not pursue a comparative fault defense to the government's counterclaim, then the court will reconsider its restriction. This appears unlikely and so long as Powell remains in this case as counsel for Beckett, the court will permit only Powell (who was involved in the state case and is far more familiar with the case than is McKinney) to handle the counterclaim comparative fault issues at trial. Allowing two lawyers who represent the same party and whose interests are aligned to question the same witnesses is antithetical to the letter and spirit of Fed. R. Civ. P. 1, as well as common sense.[2] The court assumes that McKinney will have plenty to do in presenting Beckett's case on liability and damages.

The court will <u>not</u> permit McKinney to file a dispositive motion on comparative fault issues unless all facts relating to the negligence aspects of the accident can be stipulated to. Otherwise, such a motion would be a complete waste of time, particularly since the trial will be to the court.

Beckett's motion (Doc. 142) is overruled.

IT IS SO ORDERED.

Dated this   7th   day of January 2005, at Wichita, Kansas.

---

[2] The court will address the matter of Mark Buck's participation in the trial at the pretrial conference.

-3-

<pre>
                              s/ Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE
</pre>