## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

ERIC C. BECKETT, FOR THE BENEFIT )
OF CONTINENTAL WESTERN            )
INSURANCE COMPANY,                )
                                  )
                 Plaintiff,       )
                                  )
v.                                )      No.  03-4011-MLB
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                 Defendant.       )
_____)
ERIC C. BECKETT,                  )
                                  )
                 Plaintiff,       )
                                  )
v.                                )      No.  03-1260-MLB
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                 Defendant.       )
_____)

### MEMORANDUM AND ORDER

Before the court are the following:

1. Government's supplemental memorandum in response to
   plaintiff's motion to dismiss counterclaim (Doc.
   141); and

2. Beckett's (by Powell) reply (Doc. 165).

### Background

These consolidated cases are brought under the Federal Tort
Claims Act.  The cases arise out of an accident which occurred on
January 30, 2001 in Finney County, Kansas, between vehicles driven
by Beckett and John Forcum, a government employee.  Beckett was
injured and Forcum was killed.  Both Beckett and Forcum were acting
within the scope of their respective employments.  A wrongful death
action brought in state court by Forcum's widow against Beckett's

employer ended in a "no fault" verdict.[1]

Case number 03-1260 is a "straight" Tort Claims Act case. Don McKinney represents Beckett in case number 03-1260. Case number 03-4011 is a subrogation case. Continental Western seeks to recover worker's compensation benefits it paid to Beckett. Continental Western is represented by Mark Buck. The United States is represented in both cases by Assistant U.S. Attorneys Robin Moore and Connie DeArmond. The government has filed a counterclaim against Beckett in Case number 03-1260 seeking to recover Federal Employee Compensation Act (FECA) benefits it paid to Forcum's widow on behalf of her deceased husband. Marc Powell represents Beckett in defense of the government's counterclaim.

By its Memorandum of March 18, 2004 (Doc. 63), the court denied the government's motion to dismiss both case numbers 03-1260 and 03-4011. In particular, the court ruled that Beckett was not in privity with his employer, Southwestern Business Systems, in the state court wrongful death action and therefore is not collaterally estopped from pursuing his Federal Tort Claims Act case based on Forcum's alleged fault. Stated another way, Beckett's right to recover from the United States for Forcum's fault (if any) is not derived from Southwestern Business Systems and collateral estoppel does not prevent Beckett's claims against the United States in case number 03-1260.

By its Memorandum and Order of May 10, 2004 (Doc. 77), the

_____

[1]According to the verdict form, the jurors were asked if they found "any of the drivers" to be at fault. Three jurors answered "yes," ten answered "no."

court denied the government's motion to dismiss case number 03-4011.

By its Memorandum and Order of August 18, 2004 (Doc. 98), the court took up Beckett's motion to dismiss the government's counterclaim (Docs. 85 and 86, by Powell).  Beckett asserted that the "no fault" verdict in the widow Forcum's state court case against Beckett's employer is res judicata on the government's counterclaim because the widow Forcum assigned her claim to the government.  The court ordered further briefing.  When the briefs were filed, Beckett (by McKinney) moved to dismiss the government's counterclaim on four additional grounds: the counterclaim is barred by (1) the two year statute of limitations, which expired in January 2003; (2) collateral estoppel; (3) the "one action" rule; and (4) comparative fault.  The court allowed Powell to adopt the grounds raised by McKinney and permitted the government and Powell additional opportunities to brief the issues.  This has been done and the motions to dismiss the counterclaim are ripe for decision.

                              <u>Res Judicata</u>

Beckett (by Powell) initially sought dismissal of the government's counterclaim on one ground: that the widow Forcum had made no assignment pursuant to 5 U.S.C. § 8131(a).  (Docs. 85 and 86).  When the government provided the assignment, Beckett amended his motion to assert that the government's claim is barred by res judicata (Docs. 88 and 89).  No authority was cited in support of this assertion.  Failure to support an assertion with argument and authority results in a waiver of the issue.  <u>Robey-Harcourt v. BenCorp Financial Company</u>, 326 F.3d 1140 (10th Cir. 2003).

Beckett's motion to dismiss the government's counterclaim on the basis of res judicata is denied.

### Statutes of Limitation

Beckett (by McKinney) asserts that the government's counterclaim is barred by Kansas' two year statute of limitations on tort actions, K.S.A. 60-513(4) and (5).  No supporting authority is cited.  A long line of cases holds that presumptively, claims of the United States cannot be defeated by state statutes of limitation unless Congress has provided otherwise.  Ruthhardt v. United States, 303 F.3d 375, 384 (1st Cir. 2002), cert. denied, 538 U.S. 1031 (2003).  No such exemption exists in this case.

In its response, the government has cited 28 U.S.C. § 2415 and Judge Roger's decision in Salisbury v. Krekelhan, Case No. 86-4357 (D. Kan., Dec. 16, 1987).  Salisbury unequivocally rejects the notion that  Kansas' statutes of limitation can bar a counterclaim in which the United States seeks to recover FECA benefits.  A copy of Judge Rogers' decision is attached as exhibit A.

28 U.S.C. § 2415(f) provides, in pertinent part:

> The provisions of this section shall not prevent the assertion, in an action against the United States or an officer or agency thereof, of any claim of the United States or an officer or agency thereof against an opposing party, a co-party, or a third party that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

Thus, although there is a three year statute of limitations for affirmative claims by the government based on tort in section 2415(b), the limitation is not applicable to a counterclaim brought by the United States.  Cf. Federal Deposit Insurance Corporation v. United States, 527 F. Supp. 942, 949 (S.D. W. Va. 1981) (Six

-4-

year statute of limitations found in section 2415(a) not applicable to government counterclaim.)

Beckett's motion to dismiss the government's counterclaim on the basis of statutes of limitation is denied.

Collateral Estoppel

The court already has been down this road, except in the other direction.  On that occasion, the government sought to bar Beckett's claim based on collateral estoppel.  The government's motion was denied in the Memorandum and Order of March 18, 2004 (Doc. 63).  This time, Beckett wants to bar the government's counterclaim, apparently by means of defensive nonmutual collateral estoppel,[2] which the Supreme Court has defined as occurring "when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff previously litigated unsuccessfully in another action against the same or a different party."  United States v. Mendoza, 464 U.S. 154, 104 S. Ct. 568, 572, 78 L.Ed.2d 379 n.4 (1984), citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).  Beckett's position is that the government stands in the shoes of the widow Forcum, who litigated and lost the issue of Beckett's fault in the state court action. Although Beckett is the plaintiff in this case, he is the defendant for purposes of defensive nonmutual collateral estoppel.

The government's authority to pursue its counterclaim is based upon 5 U.S.C. § 8131, which provides, in pertinent part:

(a) If an injury or death for which compensation is

---

[2]A section of Beckett's motion is captioned "Mutuality of Estoppel Is Not Required."  (Doc. 106 at 9-10).

payable under this subchapter is caused under circumstances creating a legal liability on a person other than the United States to pay damages, the Secretary of Labor may require the beneficiary to—

(1) assign to the United States any right of action he may have to enforce the liability or any right he may have to share in money or other property received in satisfaction of that liability; or

(2) prosecute the action in his own name.[3]

The widow Forcum executed a written assignment pursuant to subsection (a) (exhibit B, hereto). The assignment was executed <u>after</u> the government filed its counterclaim. In his motion to dismiss (Doc. 106), Beckett (by McKinney) suggests that the assignment was invalid because it was executed after the running of Kansas' two-year statute of limitations. Beckett has provided no other authority which casts doubt on the assignment's validity. In part because the court has determined that the Kansas statutes do not apply, it also rejects the suggestion that the assignment is not valid due to time considerations.

The Supreme Court recently noted that preclusion principles, of which collateral estoppel is one species, "unquestionably do

_____

[3]There are few cases which discuss section 8131. It seems apparent that the government's right to pursue a FECA counterclaim is derivative in nature, as the court so held in <u>Fusco v. Johns-Manville Products Corp.</u>, 643 F.2d 1181 (5th Cir. 1981). This is one factor in a collateral estoppel analysis. However, the government's counterclaim is not foreclosed merely because it did not participate in the prosecution of the state court case, either as a party or by exercising its right to require the widow Forcum to bring the case (neither of which occurred). A Colorado appellate court has held that the U.S. Department of Labor was neither a necessary nor indispensable party in the employee's negligence action against a third party (attached as exhibit C). <u>Hollingsworth v. Satterwhite</u>, 723 P.2d 169 (Colo. App. 1986). The opinion is noteworthy because it was authored by Lewis T. Babcock, then a judge on the Colorado Court of Appeals, now Chief Judge of the U.S. District Court for Colorado.

apply against the United States . . . .   <u>See, e.g.</u>, <u>Montana v. United States</u>, 440 U.S. 147, 99 S. Ct. 970, 59 L.Ed.2d 210 (1979)." <u>Alaska Dept. of Environmental Conservation v. E.P.A.</u>, 540 U.S. 461, 124 S. Ct. 983, 1003 n.14 (2004).   However, it seems clear that the Supreme Court is reluctant to apply nonmutual offensive collateral estoppel against the government.   The Court wrote in <u>United States v. Mendoza</u>, <u>supra</u>, that:

> In <u>Standefer v. United States</u>, 447 U.S. 10, 24, 100 S.Ct. 1999, 2008, 64 L.Ed.2d 689 (1980), however, we emphasized the fact that <u>Blonder-Tongue</u> and <u>Parklane Hosiery</u> involved disputes over private rights between private litigants.   We noted that "[i]n such cases, no significant harm flows from enforcing a rule that affords a litigant only one full and fair opportunity to litigate an issue, and [that] there is no sound reason for burdening the courts with repetitive litigation." 447 U.S., at 24, 100 S.Ct. at 2008. Here, as in <u>Montana v. United States</u>, <u>supra</u>, the party against whom the estoppel is sought is the United States; but here, unlike in Montana, the party who seeks to preclude the Government from relitigating the issue was not a party to the earlier litigation.
>
> * * *
>
> We hold, therefore, that nonmutual offensive collateral estoppel simply does not apply against the Government in such a way as to preclude relitigation of issues such as those involved in this case.
>
> * * *
>
> Our holding in this case is consistent with each of our prior holdings to which the parties have called our attention, and which we reaffirm.   Today in a companion case we hold that the Government may be estopped under certain circumstances from relitigating a question when the parties to the two lawsuits are the same. <u>United States v. Stauffer Chemical Co.</u>, 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1983); <u>see also</u> <u>Montana v. United States</u>, <u>supra</u>; <u>United States v. Moser</u>, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262 (1924). None of those cases, however, involve the effort of a party to estop the Government in the absence of mutuality.

The concerns underlying our disapproval of collateral estoppel against the Government are for the most part inapplicable where mutuality is present, as in <u>Stauffer Chemical</u>, <u>Montana</u>, and <u>Moser</u>. The application of an estoppel when the Government is litigating the same issue with the same party avoids the problem of freezing the development of the law because the Government is still free to litigate that issue in the future with some other party. And, where the parties are the same, estopping the Government spares a party that has already prevailed once from having to relitigate--a function it would not serve in the present circumstances.

104 S. Ct. 572-74 (footnotes omitted). <u>See</u> <u>also</u> <u>United States v.</u> <u>AMC Entertainment, Inc.</u>, 232 F. Supp.2d 1092, 1117 (C.D. Cal. 2002). There is no reason to assume that the Supreme Court's statements would be any different if it had been discussing defensive nonmutual collateral estoppel. The underlying concept is the same. <u>See</u> <u>Hercules Carriers, Inc. v. Claimant State of Florida</u>, 768 F.2d 1558 1579 (11th Cir. 1985).

Although the issue of fault was litigated in the state court action, no party "won" or "lost" the issue, no percentages of fault were assigned and no judgment based on fault was entered. Instead, the jury determined that neither driver was "at fault." In previous pleadings, Beckett (by McKinney) has insisted that he "never had his day in court" on the fault issue. Neither has the government. If Beckett, who was not a party in the state court case, is entitled to his "day in court," then so too is the government, which likewise was not a party. Further discussion of collateral estoppel is not warranted at this time. If the government prevails at trial, Beckett may revisit the issue.

Beckett's motion to dismiss the government's counterclaim on the basis of nonmutual defensive collateral estoppel is denied,

without prejudice.

### Comparative Fault and Kansas' "One Action" Rule

The interaction between the "one action" rule and comparative fault is explained in Augustine v. Adams, 88 F. Supp. 2d 1166 (D. Kan. 2000):

> The Kansas one-action rule is a judicially-developed concept that has been articulated through case law interpreting the Kansas comparative negligence statute, K.S.A. § 60-258a. The rule requires that all negligence claims arising out of one occurrence be determined in one action. See Mick v. Mani, 244 Kan. 81, 766 P.2d 147 (1988). The impetus for the one-action rule was to ensure that all parties against whom a claim of comparative negligence could be made be joined in the same action so that one judicial determination of comparative fault could be rendered. See Eurich v. Alkire, 224 Kan. 236, 579 P.2d 1207, 1209 (1978). The rule is essentially aimed at prohibiting a plaintiff from bringing a second action against a party that could have been, but was not, named in the first action. See id.
>
> In this case, the Attorneys essentially attempt to invoke the one-action rule as a form of res judicata. The one action rule, however, is not intended to be an extension of res judicata. See Mick, 766 P.2d at 158.

Id. at 1172. Beckett has not cited Augustine, so no reasoned argument is before the court regarding why, if the one action rule is not an extension of res judicata, it also is not an extension of collateral estoppel. Thus, the court sees no reason to consider Beckett's argument that the one action rule bars the government's counterclaim because it "stands in the shoes" of the widow Forcum.

There is a very practical reason why the government's counterclaim should be allowed to go forward. Beckett, who was a driver of one of the vehicles, has succeeded in persuading the court that he is entitled to his "day in court." Having done so, his fault must be compared according to Kansas law. If Beckett

-9-

loses at trial and can convince the Court of Appeals that his fault should not have been an issue, then any percentage of his comparative fault proved by the government can be simply "backed out" of the case and an amended judgment entered in his favor. On the other hand, if the court should erroneously dismiss the counterclaim, the case would have to be tried again.

<u>Conclusion</u>

Beckett's motion to dismiss the government's counterclaim is denied.

No further motions of any kind may be filed by any party prior to the pretrial conference without leave of court.

IT IS SO ORDERED.

Dated this __7th__ day of January 2005, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-10-